# Hope's Appeal.

The grant of a right to mine coal in the land of the lessor and remove it therefrom is a grant of an interest in the land itself, and not a mere license to take the coal.

**(Decided January 4, 1886.)**

Appeals from a decree of the Common Pleas, No. 1, of Allegheny County sitting in equity. Affirmed.

The appellant, Christopher Hope, was, on April 16, 1881,

Cited in Lazarus's Estate, 145 Pa. 1, 23 Atl. 372; Plummer v. Hillside Coal & I. Co. 160 Pa. 492, 28 Atl. 853.

NOTE.—The sale of coal underlying land has been uniformly held to give an interest in the land, and not to constitute a mere license. Kingsley v. Hillside Coal & I. Co. 144 Pa. 613, 23 Atl. 250; Plummer v. Hillside Coal & I. Co. 160 Pa. 492, 28 Atl. 853; Pennsylvania Salt Mfg. Co. v. Neel, 54 Pa. 9. Though the grant is to be paid for by a certain royalty per ton. This sum is purchase money, and not rent. Fairchild v. Fairchild (Pa.) 7 Cent. Rep. 873, 9 Atl. 255, 6 Sad. Rep. 231; Maffet's Estate, 8 Kulp, 184. So a grant for a fixed term of years is a sale, and not a lease. Finnegan v. Pennsylvania Trust Co. 5 Pa. Super. Ct. 124, 28 Pittsb. L. J. N. S. 68, 41 W. N. C. 19; Kingsley v. Hillside Coal & I. Co. 144 Pa. 613, 23 Atl. 250; Re Hancock, 7 Kulp, 36. Where land is leased with the right to take minerals, the money due is rent. O'Donnell v. Luskin, 12 Montg. Co. L. Rep. 109; Greenough's Appeal, 9 Pa. 18; Oram's Estate, 5 Kulp, 423.

See editorial note to Heywood v. Fulmer, 18 L. R. A. 491, presenting in full the authorities as to the distinction between a mining lease and a mere license to take minerals.

declared to be a lunatic, and he and his estate placed under the charge of Joseph S. Stewart, committee.   On July 21, 1883, proceedings were suspended, and he was restored to his rights.

When he came to inquire what disposition had been made of his property, he found that in March, 1882, a contract had been entered into between his wife, Euphemia S. Hope, and the Mansfield Coal & Coke Company to sell the coal underlying a farm of land situate in Scott township, belonging to his wife, but that the purchaser doubted her ability to make title, and therefore his committee, Joseph S. Stewart, on March 29, 1882, presented a petition to the court and obtained an order authorizing him to join with Mrs. Euphemia S. Hope in leasing the coal to the Mansfield Coal & Coke Company, and that the lease was executed and the lessees entered into possession and were engaged in mining said coal.   Mrs. Euphemia S. Hope died on November 5, 1882, and made her last will and testament, whereby she devised to Christopher Hope the sum of $200 per annum, and also the one third of the appraised value of her personal property; and to her son and daughter her real estate, situate in Scott township, and two thirds of her personal property; and appointed her son, James H. Hope, as executor, and her daughter, Euphemia M. Hope, executrix.   On December 22, 1882, Jos. S. Stewart, the committee of Christopher Hope, obtained an order of court authorizing him to accept for said Christopher Hope, under the will of Euphemia S. Hope, which he did.

This issue arose upon an interpleader bill filed by the Mansfield Coal & Coke Company against Christopher Hope, surviving husband, James H. Hope and Euphemia M. Corbett, children, and James H. Hope and Euphemia M. Corbett, executors of the estate of Mrs. Hope, deceased, alleging that the coal company was indebted upon the contract made with Mrs. Hope, in her lifetime, and was ready to pay, but that Christopher Hope, the surviving husband, had given notice not to pay to his wife's estate nor to the children, as he claimed the entire money.   To this bill answers were filed as follows:

1.  By Christopher Hope, asserting that this money was rent, and claiming the same as tenant by the curtesy.

2.  By the executors of Mrs. Hope, asserting that this money was the proceeds of a sale of the coal made by Mrs. Hope in her lifetime, and claiming the money as part of her personal estate.

3.  By the children personally, asserting that the fund be-

longed to their mother's estate, and disclaiming any individual interest therein other than their several distributive interests in their mother's estate.

Upon these answers the court made a decree allowing the coal company to pay the money into court, and granted an injunction against the several claimants from maintaining any action at law against the coal company for this debt. Issue was then joined upon the answers between the executors of Mrs. Hope and Christopher Hope, the husband.

The court made the following decree:

1. That the agreement of the 29th of March, 1882, was and is a sale of the coal therein described, and the consideration or price therein mentioned is personalty of the estate of Euphemia S. Hope, deceased.

2. That the money now in court be paid out to the executors of the estate of Euphemia S. Hope, deceased.

3. That the money in the hands of the Mansfield Coal & Coke Company which fell due, under the terms of the contract, on February 23, 1885, viz., $6,612, with interest thereon from February 23, 1885, until the date of the payment thereof, be paid to the said executors of Euphemia S. Hope, deceased.

4. That the balance of said money to become due under said contract by the said Mansfield Coal & Coke Company is $11,454, and the same, as it becomes due, shall be paid to the said executors, their successors, or assigns.

5. That Christopher Hope, James H. Hope, J. H. Corbett, and Euphemia M. Corbett, his wife, in right of said wife, be restrained, and are hereby forever enjoined and restrained, from bringing any action or proceeding at law, equity, or otherwise, for the recovery of said moneys—the price of said coal—other than to enforce compliance with this decree against the said Mansfield Coal & Coke Company.

From this decree Christopher Hope and the executors of Mrs. Hope severally appealed.

*Barton & Son* for appellant Christopher Hope.

*Joel L. Bigham* for the appellants James H. Hope and Euphemia M. Corbett, executors of Euphemia S. Hope, deceased.

PER CURIAM:

Each of these appeals is from a decree made in one case.

They were argued together.    Coal in place is land.    The grant. of a right to mine coal in the land of the lessor and remove it therefrom, although the instrument may be called a lease, is a grant of an interest in the land itself, and not a mere license to take the coal.    There was, therefore, no error in the master and in the court holding the transaction in this case constituted a sale of the land.    We also think the election by the court, through the instrumentality of the committee of the lunatic, was properly made in behalf of the latter.    There was no error in decreeing that the costs be paid out of the fund.

Decree affirmed and appeal of each party dismissed, at the cost of the respective parties therein.